# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3442 | **DATE** | 11/10/2003 |
| **CASE TITLE** | Directv, Inc. vs. Patel, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons given in the attached memorandum opinion, the Motions to Dismiss Counts III and V [Doc. 15, Doc. 16] are granted in part.

(11) [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | NOV 1 2 2003 | 35 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| jan/lc | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DIRECTV, Inc., | ) |
| | ) No. 03 C 3442 |
| Plaintiff, | ) |
| | ) HONORABLE DAVID H. COAR |
| v. | ) |
| | ) |
| DAVE PATEL, et al. | ) |
| | ) |
| | ) |
| Defendants. | ) |

DOCKETED
NOV 1 2 2003

## MEMORANDUM OPINION AND ORDER

Plaintiff DirecTV, Inc. filed this lawsuit against eight defendants in May 2003. Two of those Defendants, Andrew Puccinelli and Jay Prassel, have now moved to dismiss counts III and V of Plaintiff's Complaint. The Motion to Dismiss Count III was denied on September 30, 2003, but the Court ordered a briefing schedule on the Motion to Dismiss Count V. Briefing on the issue is now complete and it is ripe for decision.

## DISCUSSION

Plaintiff DirecTV, Inc. ("Plaintiff" or "DirecTV") filed a five count complaint against all defendants. This lawsuit is part of a massive nationwide litigation campaign that DirecTV is undertaking to protect its satellite cable television system against piracy. In Count V of this Complaint, DirecTV alleges that these Defendants "unlawfully converted Defendant's property for their own commercial use and benefit." Pl. Comp. ¶ 47. The object of the alleged conversion is DirecTV's encrypted satellite signal.

Under Illinois law, a cause of action for conversion requires proof of the following elements: "(1) a right in the property; (2) the right to immediate, absolute, and unconditional

35

possession of the property; (3) defendant's unauthorized and wrongful assumption of control, dominion, or ownership over the property; and (4) a demand for possession." Stathis v. Geldermann, Inc., 692 N.E.2d 798, 806 (Ill. App. Ct. 1998).

Defendants argue that Plaintiff cannot state a cause of action for conversion under Illinois law because the object of the conversion is not tangible property. In response, the Plaintiff wrongly asserts that Defendant is "without any caselaw to support his position" and rightly asserts that "other jurisdictions have found otherwise" with respect to conversion of satellite signals. Resp. Mot. Dismiss Counts III & V, at 10. In their motions, both defendants cited to Illinois cases for the proposition that conversion in Illinois is only available for tangible property. The other jurisdictions (Massachusetts and California) that Plaintiff highlights provide relevant precedent, but it is far from controlling. On what amounts to a common law conversion claim filed in federal court, the court will apply the law of the jurisdiction in which it sits, which for this court is Illinois. In the two federal cases that Plaintiff cites, the district courts applied the state law of the jurisdictions in which they sit to support recovery on a conversion theory. See Quincy Cablevision, Inc. v. Sully's Bar, Inc., 650 F. Supp. 838, 849 (D. Mass. 1986) (holding that Massachusetts law permits recovery for conversion of satellite signals); Don King Productions/Kingvision v. Lovato, 911 F. Supp. 419, 423 (N.D. Cal. 1995) (holding that California law permits recovery for conversion of satellite signals). While the law of these other states supports Plaintiff's position here, the Plaintiff has failed to provide any analysis of the requirements of Illinois law. Since it is Illinois law that will govern, the Court will proceed with its own analysis of Illinois law.

Conversion in Illinois is "based on the common law tort of trover, which originated as a remedy against the finder of lost goods who refused to return them." General Motors v. Douglas,

565 N.E. 2d 881, 885 (Ill. App. Ct. 1990). "The basis of the tort was considered to be an interference with possession of a chattel, or with the right to immediate possession." Id. at 885-86.

While the historical foundation of the tort would lead to a conclusion that only tangible property (chattels) could be the object of conversion, the case law in Illinois is somewhat unclear on the current principle. In 1985, the Illinois Supreme Court clearly held that a conversion action lies only for "personal property which is tangible, or at least represented by or connected with something tangible." In re Thebus, 483 N.E.2d 1258, 1260(Ill. 1985) (quoting 18 Am. Jur. 2d Conversion sec. 9, at 164 (1965)). In a more recent case relating to alleged conversion of academic research, the Illinois Appellate Court reaffirmed the tangible property principle: "Our supreme court has stated that an action for conversion lies only for personal property that is tangible or at least represented by or connected with something tangible." Bilut v. Northwestern University, 692 N.E.2d 1327, 1334 (Ill. App. Ct. 1998) (citing In re Thebus, 483 N.E. 2d 1258 (1985)).

There is, however, at least one Illinois case that appears to recognize actions for conversion of intangible assets as legally cognizable. See Stathis v. Geldermann, Inc., 692 N.E.2d 798, 807 (Ill. App. Ct. 1998). The court in Stathis announced for the first (and only) time in Illinois that "parties may recover for conversion of intangible assets. See Conant v. Karris, 520 N.E.2d 757 (1987) (holding that plaintiff could state a claim for conversion of confidential information)."[1] The plaintiff in Stathis alleged that the defendant deprived him of his ownership and control of a corporation in a corporate merger/takeover transaction. See Id. After the alleged

---

[1] In Illinois courts, this would be only persuasive and not controlling precedent because the Illinois Supreme Court has not abrogated the clear principle that only tangible property is the proper object of conversion suits. In Re Thebus, 483 N.E.2d 1258 (Ill. 1985).

conversion in Stathis, the Plaintiff was unable to control or benefit from the object of the conversion (the corporation) and the Defendant had full control of the object of the conversion. The same is true in the case from which Stathis drew the principle that intangible property can be converted under Illinois law. That case, Conant v. Karris, 520 N.E.2d 757 (Ill. App. Ct. 1987), was a lawsuit between two real estate developers. 520 N.E.2d at 758-59. The object of the alleged conversion in Conant was certain confidential information that the plaintiff obtained relating to a specific property. Id. at 763. Plaintiff relied on this confidential information to offer a purchase price of $1,500,000 for the property; Plaintiff's agent disclosed the confidential information (which was contained on a computer printout) to the agent's brother, who then purchased the property for $1,600,000. Id. at 762. It is not clear whether the Court in Conant held that the confidential information (intangible) or the printouts containing the confidential information (tangible) was the actual object of conversion. But what is clear is that the plaintiff in Conant was deprived of the ability to obtain any benefit from the object of the alleged conversion.

While the Illinois cases do not present an unbroken principle that intangible property can never be the object of conversion under Illinois law, there is a vast distance between those few Illinois cases which permit recovery for conversion of intangible property and the Plaintiff's theory here. In every Illinois conversion case involving intangible property, the Plaintiff has been deprived of the ability to benefit from the object of the alleged conversion. In this case, DirecTV continued to benefit from its encrypted satellite television signal during the entirety of these Defendants alleged wrongful misappropriation. The Illinois courts have not broadened the common law tort of conversion so far as to permit the Plaintiff to recover on this theory.

## CONCLUSION

For the reasons given above, the Motions to Dismiss Count V filed by Defendant Jay Prassel and Defendant Andrew Puccinelli are granted.

Enter:

_____
David H. Coar
United States District Judge

Dated: November 10, 2003